UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CHRISTOPHER C.,

                              Plaintiff,

v.                                                        5:24-CV-01593
                                                              (BKS/ML)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

_____

APPEARANCES:                              OF COUNSEL:


HILLER COMERFORD                          JUSTIN M. GOLDSTEIN, ESQ.
INJURY & DISABILITY LAW
  *Attorneys for Plaintiff*
6000 North Bailey Avenue - Suite 1A
Amherst, New York 14226


U.S. SOCIAL SECURITY ADMIN.               VERNON NORWOOD, ESQ.
  *Counsel for Defendant*
6401 Security Boulevard
Baltimore, Maryland 21235

**MIROSLAV LOVRIC**, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

Plaintiff Christopher C. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Dkt. No. 1.)  This matter was referred to me for Report and Recommendation by the Honorable Brenda K. Sannes, Chief United States District Court

1

Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). (Dkt. Nos. 3, 4.)  This case has proceeded in accordance with General Order 18.

Currently before this Court are Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment on the pleadings. (Dkt. Nos. 7, 10, 11.)  For the reasons set forth below, this Court recommends the District Court grant Plaintiff's motion for judgment on the pleadings, deny Defendant's motion for judgment on the pleadings, and remand the Commissioner's decision for further administrative proceedings.

## I.    PROCEDURAL HISTORY

On September 29, 2022, Plaintiff protectively filed an application for DIB, and on October 6, 2022, he filed an application for SSI, alleging disability in both applications dating from April 24, 2021. (Administrative Transcript ("T.") 187-93, 194-200.)  His applications were initially denied on March 29, 2023, and his requests for administrative reconsideration were denied on September 18, 2023. (T. 62-73, 76-89.)  Plaintiff's request for a hearing was granted. (T. 115-16, 156-71.)  On February 13, 2024, Plaintiff and vocational expert ("VE") Joseph Young testified by telephone before Administrative Law Judge ("ALJ") John Ramos. (T. 31-59.)

The ALJ issued an unfavorable decision on March 21, 2024. (T. 10-21.)  The Appeals Council denied Plaintiff's request for review on November 13, 2024. (T. 1-6.)  Plaintiff commenced this proceeding on December 30, 2024, to challenge the Commissioner's denial of disability benefits. (Dkt. No. 1.)

## II.    GENERALLY APPLICABLE LAW

### A.    Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision.

*Featherly v. Astrue*, 793 F. Supp. 2d 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  A reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence.  *Johnson*, 817 F.2d at 986.

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g) (2015); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  To facilitate the court's review, an ALJ must set forth the crucial factors justifying his or her findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *Roat v. Barnhart*, 717 F. Supp. 2d 241, 248 (N.D.N.Y. 2010); *see also Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).  "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Featherly*, 793 F. Supp. 2d at 630; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted).  Where substantial evidence supports the ALJ's findings they must be sustained "even where substantial evidence may support the plaintiff's positions and despite that the court's independent analysis of the evidence

3

may differ from the [ALJ's]." *Rosado*, 805 F. Supp. at 153. In other words, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

### B.  Standard for Benefits[1]

To be considered disabled, a plaintiff-claimant seeking benefits must establish that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, the plaintiff-claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. § 405(a)), the Social Security Administration ("SSA") promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920(a)(4) (2015). Under that five-step sequential evaluation process, the decision-maker determines:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or

---

[1] The requirements for establishing disability under Title XVI, 42 U.S.C. § 1382c(a)(3) and Title II, 42 U.S.C. § 423(d), are identical, so that "decisions under these sections are cited interchangeably." *Donato v. Sec'y of Health and Human Servs.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

combination of impairments;  (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments;  (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

## III.    FACTS

As of the date of the ALJ's decision, Plaintiff was 49 years old. (T. 37.)  He resided with his wife. (T. 51.)  He has a high school education. (T. 37.)  His work history includes positions as a laborer at an auto parts reseller, retail salesclerk, and machine operator at an assembly facility. (T. 54.)  He testified that he stopped working after a motor vehicle accident in April 2021 but was able to return to work in a janitorial role that accommodated his injuries. (T. 41.)  Plaintiff testified that he had not been able to lift his arm over his shoulder, reach straight out or even brush his hair as a result of the accident and subsequent shoulder surgery. (T. 46).

The record includes Plaintiff's relevant medical history.  Rather than summarizing the records at the outset, I will refer to the pertinent records during my discussion of Plaintiff's arguments.

## IV.    THE ALJ'S DECISION

As an initial matter, the ALJ determined that Plaintiff met the insured status requirements through December 31, 2027. (T. 13.)  Based upon his review of the administrative record, the ALJ found that Plaintiff has not engaged in substantial gainful activity after the alleged onset

date of April 24, 2021. (T. 13.)  At step two, the ALJ found that Plaintiff has the following

severe impairments: "degenerative joint disease of the left shoulder and degenerative disc disease

of the cervical spine." (T. 13.)

At step three of the evaluation, the ALJ found that Plaintiff's impairments either singly or

in combination did not meet or medically equal the severity of a listed impairment, including

Listing 1.15 (Disorders of the skeletal spine resulting in compromise of a nerve roots), Listing

1.17 (Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint), and Listing

1.18 (Abnormality of a major joint in any extremity). (T. 14-15.)

Next, the ALJ found that Plaintiff could perform light work. (*Id*.)  Specifically, the ALJ

found that Plaintiff:

> can frequently climb ramps and stairs, but never climb ladders
> ropes and scaffolds.  There are no limitations on balancing.  The
> [Plaintiff] can frequently stoop kneel and crouch and occasionally
> crawl.  The [Plaintiff] is limited to occasional overhead reaching
> with the left arm.

(*Id*.)

In making the RFC determination, the ALJ stated that he considered all of Plaintiff's

symptoms and the extent to which those symptoms could "reasonably be accepted as consistent

with the objective medical evidence and other evidence, based on the requirements of 20 CFR

404.1529 and 416.929" and Social Security Ruling ("SSR") 16-3p. (*Id*.)  The ALJ further stated

that he considered opinion evidence and prior administrative medical findings in accordance with

20 C.F.R. §§ 404.1520c and 416.920c. (T.16.)  The ALJ also considered Plaintiff's subjective

complaints regarding the intensity, persistence and limiting effects of his symptoms and found

them "not entirely consistent with the medical evidence and other evidence in the record. . . ." (T.

16.)  The ALJ next found that Plaintiff is capable of performing his past relevant work as a

salesclerk. (T. 20.)  Accordingly, the ALJ found that Plaintiff has not been under a disability from April 24, 2021, through the date of the ALJ's decision. (T. 21.)

## V.      ISSUES IN CONTENTION

Plaintiff argues the "ALJ failed to consider a closed period of disability." (Dkt. No. 7 at 11-12.)  In particular, Plaintiff contends "[t]he ALJ does not indicate any consideration for this request or evaluation for whether a closed period could be found.  Rather, the ALJ focused on Plaintiff's improvement as a means to discredit Plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms." (*Id*. at 12.)  In addition, Plaintiff contends that the ALJ failed to resolve an apparent conflict between the Dictionary of Occupational Titles ("DOT") and the February 13, 2024, hearing testimony of VE John Ramos. (*Id*. at 20-21.)  The Commissioner contends that "Plaintiff has failed to demonstrate greater limitations during the closed period than those included in the ALJ's RFC determination . . ."; and Plaintiff "failed to show that there [was] an apparent conflict between the VE's testimony and the DOT and, even if such a conflict existed, the ALJ elicited a reasonable explanation as to how the VE resolved the conflict." (Dkt. No. 10 at 13, 17.)

## VI.     THE LACK OF EXPRESS CONSIDERATION FOR A CLOSED PERIOD OF DISABILITY DOES NOT PRESENT GROUNDS FOR REMAND.

### A.      Legal Standard

"A closed period of disability refers to when a claimant is found to be disabled for a finite period of time which started and stopped prior to the date of the administrative decision granting disability status." *Pettaway v. Colvin*, 12-CV-2914 (NGG), 2014 WL 2526617 at *13 (E.D.N.Y. June 4, 2014) (quotations omitted).  When deciding a disability claim, "if a claimant is disabled at any point in time, the ALJ should consider not only whether Plaintiff was disabled at the time of the hearing, but also whether Plaintiff was entitled to disability benefits for any closed,

7

continuous period of not less than 12 months, following the date of his claim." *Williams v, Colvin*, No. 15-CV-144S, 2016 WL 3085426, at *4 (W.D.N.Y. June 2, 2016).  "It is particularly necessary for the ALJ to consider whether a closed period of disability existed where the record shows that plaintiff's condition has improved significantly over time as the result of a discrete event. . . ." *Robertson v. Berryhill*, No. 6:16-CV-06481 (MAT), 2017 WL 3574626, at *2 (W.D.N.Y. Aug. 18, 2017).

##### B.    Analysis

In response to Plaintiff's contention that the ALJ ignored his request for consideration of a closed period of disability, the Commissioner argues the ALJ considered and discussed medical and mental health records from the entire relevant period, and "Plaintiff has failed to demonstrate greater limitations during the closed period than those included in the RFC. . . ." (Dkt. No. 10 at 13.)  The record supports this view.  In opinions from Dr. M. Angelotti and Dr. S. Padmaraju that the ALJ found persuasive, the State Agency Medical Consultants evaluated medical evidence from 2022 through July 2023 and found that Plaintiff could perform light work with no more than occasional overhead reaching with his left arm. (T. 19, 64-65, 79-80.)  Additionally, the ALJ considered treatment notes from multiple orthopedic physicians dated from December 2021 through February 2023, wherein Plaintiff repeatedly reported he was doing well with minimal-to-no pain, could easily raise his arm to comb his hair and touch the top of his head, could mow his lawn, and do yard work. (T. 18-19, 442, 444, 449, 450, 452, 455.)  Thus, "although [plaintiff's] condition may have improved, there is no error in finding that the condition improved from was not disabling.  Therefore, because there is substantial evidence indication that [plaintiff] was not disabled during any period, the ALJ was correct not to consider a closed

8

period of benefits." *Williams*, 2016 WL 3085426, at *4 (W.D.N.Y. June 2, 2016).  Thus, remand is not required on this basis.

In discussing the ALJ's assessment of Plaintiff's RFC, Plaintiff suggests that the ALJ failed to adequately consider his cervical spine injury, deemed a severe impairment by the ALJ, as well as non-severe impairments including migraines and depression.  This argument is unpersuasive.  The ALJ's RFC analysis includes an extensive discussion of the available physician assessments of Plaintiff's cervical spine. (T. 16-19.)  Although the medical record primarily addresses orthopedic issues, the ALJ's RFC analysis also references Plaintiff's treatment history for headaches and major depressive disorder and bipolar disorder. (T. 16-18.)  Having considered the treatment and examination records related to those severe and non-severe impairments, the ALJ's ultimate decision to exclude any specific limitations attributable to them does not present grounds for remand.  *See Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order) (citing 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe [ ]' ... when we assess your [RFC] ...")); *Donna L. v. Comm'r of Soc. Sec.*, No. 5:23-CV-0655 (GTS/TWD), 2024 WL 3738067, at *3 (N.D.N.Y. Aug. 9, 2024) (finding no remandable error in limited discussion of Plaintiff's mild psychiatric impairments).

## VII.    THE ALJ FAILED TO RESOLVE THE CONFLICT BETWEEN THE VE TESTIMONY AND THE DOT.

### A.    Legal Standard

An ALJ may engage a vocational expert to opine on the jobs a hypothetical person of the claimant's age, education, and RFC could perform in the national economy.  20 C.F.R. § 404.1560(b)(2) ("a vocational expert . . . may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed

9

by the claimant's medical impairments can meet the demands of the claimant's previous work");
*accord Bapp v. Bowen*, 802 F.2d 601, 606 (2d Cir. 1986) ("If nonexertional limitations significantly diminish [claimant]'s ability to perform the full range of 'light work,' then the ALJ should require the Secretary to present either the testimony of a vocational expert or other similar evidence regarding the existence of jobs in the national economy for an individual with claimant's limitations.").

When assessing the requirements of a particular occupation, an ALJ should primarily rely on the DOT but may also use VE testimony to resolve more complex vocational issues. *See* SSR 00-4p, *Policy Interpretation Ruling: Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions*, 2000 WL 1898704 (December 4, 2000). The Second Circuit has held SSR 00-4p "requires the Commissioner to 'obtain a reasonable explanation' for any 'apparent' — even if non-obvious — conflict between the [DOT] and a vocational expert's testimony." *Lockwood v. Commissioner*, 914 F.3d 87, 92 (2d Cir. 2019); *see also Brault v. Commissioner*, 683 F.3d 443, 446 (2d Cir. 2012) ("a VE whose evidence conflicts with the DOT must provide a reasonable explanation to the ALJ for the conflict."). In *Lockwood*, the VE testified that a claimant who was unable to perform any overhead reaching could still perform a number of occupations requiring occasional or frequent reaching under the DOT. The Second Circuit required remand, because the ALJ's questioning of the VE did not resolve this apparent conflict. *Id.* at 92-93.

### B.     Analysis

In light of Plaintiff's injury and subsequent surgery, the ALJ crafted an RFC that limited Plaintiff to "occasional" overhead reaching with his left arm.[2]  (T. 15.)  In this case, the VE

---

[2] The record indicates that Plaintiff is left arm dominant. (T. 253.)

testified an individual with Plaintiff's RFC, including the restriction of "occasional overhead reaching with the left arm" could perform Plaintiff's past work as a retail salesclerk. (T. 55.) According to the DOT, this occupation requires "frequent" reaching. *See Dictionary of Occupational Titles* 290.477-014, 1991 WL 672554.  Reaching is defined in the DOT as "extending the hand and arms in any direction."  SSR 85-15, 1985 WL 56857, at *7 (Jan. 1, 1985).

The VE testified he would let the ALJ know if his opinion conflicts with information in the DOT or if his answer is drawn on a source outside of that publication. (T. 53.)  The VE subsequently stated,

> [t]he one component [not addressed in the DOT] are the occasional overhead reaching left upper extremity.  I would note that while the DOT does address reaching in all directions it doesn't specifically address overhead reaching and neither does the DOT and SCO address segregates between left and right or dominant or it nondominant upper extremity.  So, I would certainly rely on my professional experience when addressing that limitation.

(T. 56.)

The Commissioner contends "no actual conflict exists between the VE testimony and the DOT, and no resolution is required" but "even if there was an apparent conflict, the ALJ properly resolved the conflict when he elicited the VE's reasonable explanation that he relied on his professional experience when addressing Plaintiff's left arm limitation." (Dkt. No. 10 at 16-17.) This court disagrees and recommends remand for further consideration of this issue.  "Testimony that a claimant with overhead reaching limitations is capable of performing a job that the Dictionary describes as requiring 'reaching,' . . . creates at least an apparent conflict that triggers the Commissioner's duty to elicit an explanation that would justify crediting the testimony." *See Lockwood*, 914 F.3d 87 at 92 (citations and alterations omitted).

Plaintiff argues the VE " . . . failed to provide clarity as to how his experience and

11

understanding of the job of a salesclerk as generally performed could still be done as it pertained to limitations on the use of a dominant upper extremity and reaching." (Dkt. No. 7 at 20.) This Court agrees, because the VE identified the conflict but did not explain how he reached his conclusion beyond a vague reference to his professional experience.

The *Lockwood* court recognized that "[i]t may well be that the apparent conflict between [the VE's] testimony and the Dictionary is susceptible to easy resolution." *Lockwood*, 914 F.3d at 94. However, the VE's testimony falls short of that standard. *See Thomas K. v. Comm'r of Soc. Sec.*, No. 1:22-CV-00673 (TPK), 2025 WL 484178, at *5 (W.D.N.Y. Feb. 13, 2025) (finding "vocational testimony to be sufficient when the expert indicated knowledge of how the jobs in question were performed and said, based on experience, that someone who had a particular physical limitation could do either all or some percentage of them."). By relying on the VE's undeveloped reference to his own experience, the ALJ failed to adequately resolve the conflict with the DOT. Therefore, the ALJ's disability determination was not supported by substantial evidence in the record and this Court recommends remand for further administrative proceedings to resolve that conflict.

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) be **GRANTED**; Defendant's motion for judgment on the pleadings (Dkt. No. 10) be **DENIED;** and that the matter be **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

12

**FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE**

**APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72.

Dated:    February 26, 2026
          Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

13